IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONYA L. MARTIN; MARCUS REEDY; and
ORRIS BOWLES                                                      PLAINTIFFS

VS.                                   CASE NO. 4:16-CV-4041

BRENTWOOD INDUSTRIES                                              DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 6. Defendant Brentwood

Industries, Inc. seeks dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2),

12(b)(4), and 12(b)(5) for insufficient service of process. Plaintiffs have responded. ECF No. 10,

11. This matter is ripe for consideration.

BACKGROUND

Plaintiffs filed their Complaint against Defendant Brentwood Industries, Inc.[1] on April

28, 2016. ECF No. 1. Pursuant to the requirements of Fed. R. Civ. P. 4(m), Plaintiffs were

required to serve the Summons and Complaint on the Defendant by July 27, 2016. On June 16,

2016, the Clerk of Court issued a text only entry stating:

> No answer or other responsive pleading has been filed. The file does not reflect a
> proof of service of the complaint upon the defendant. Federal Rule of Civil
> Procedure 4(l) requires proof of service to be filed with the court. If service is not
> perfected on a defendant within 90 days after filing the complaint, a show cause
> order will issue and the complaint against that defendant is subject to dismissal
> pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiffs then attempted service of process by certified mail on August 12, 2016. ECF No. 10-5.

That parcel, addressed to Brentwood Industries c/o Sharon Powell, Registered Agent, 306 North

Industrial Drive, Hope, AR 71801, was returned to Plaintiffs because no such address existed

---

[1] Defendant was incorrectly named in the Complaint and Summons as "Brentwood Industries." ECF No. 6.

and the United States Postal Service ("USPS") was unable to forward the parcel. *Id*. The parcel was returned to Plaintiffs on or about August 24, 2016. *Id*.

In Plaintiffs' Response to Defendant's Motion to Dismiss, Plaintiffs included a printout of Brentwood Industries, Inc.'s corporate filing information as it appeared on the Arkansas Secretary of State's website on September 16, 2016. ECF No. 10-1. That filing listed Sharon Powell as the registered agent of Brentwood Industries, Inc., but noted the agent's address as "306 N. Industrial *Park* Drive, Hope, AR 71801." *Id*. (emphasis added).

On August 30, 2016, Plaintiffs successfully delivered a copy of the Summons and Complaint to Defendant Brentwood Industries, Inc. via FedEx. ECF No. 10-3. The FedEx parcel was addressed to Brentwood Industries, Sharon Powell, Registered Agent, 118 Brentwood Dr., Hope, AR, US 71801.

On September 16, 2016, Defendant Brentwood Industries, Inc. moved to dismiss the pending action for insufficient service of process because it was served more than 90 days after the Complaint was filed and was incorrectly named in both the Complaint and Summons as "Brentwood Industries." ECF No. 6.

DISCUSSION

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service must be made within a specified time." Rule 4(m), further, requires that a court extend the time for service for an "appropriate period" in situations where "the plaintiff shows good cause" for failing to serve the defendant within 90 days of filing the complaint. "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d

2

882, 887 (8th Cir. 1996). Good cause is likely to be found when the plaintiff's failure to complete service in a timely fashion is (1) a result of the conduct of a third person, typically the process server; (2) the defendant has evaded service of the process or engaged in misleading conduct; (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances; or (4) the plaintiff is proceeding *pro se* or *in forma pauperis*. *Kurka v. Iowa Cnty., Iowa,* 628 F.3d 953, 957 (8th Cir. 2010); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.).

If the plaintiff fails to show good cause, the court may extend the time for service rather than dismiss the case without prejudice. *Kurka,* 628 F.3d at 957. The plaintiff must establish excusable neglect for such a discretionary extension. *Id.* In determining whether neglect is excusable, the court may consider the following factors: (1) the possibility of prejudice to the defendant; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the party's reasonable control; and (4) whether the party acted in good faith. *Kurka,* 628 F.3d at 959.

Here, Defendant Brentwood Industries, Inc. was not served within 90 days after the Complaint was filed, as required by Fed. R. Civ. P. 4(m). If Plaintiffs show good cause for noncompliance with Rule 4(m) this Court is required to extend the time for service. The four factors discussed in *Kurka* provide guidance as to whether Plaintiffs have shown good cause. Plaintiffs make no allegation that they failed to comply with Rule 4(m) due to the action of a third person. As to the issue of whether Defendant Brentwood Industries, Inc. has evaded service of process or engaged in misleading conduct, Plaintiffs have failed to provide evidence of such evasive action aside from stating that Defendant "appears" to be evading service "by having the wrong information on file with the Secretary of State." ECF No. 10. Such failure to update

corporate filings, absent other evidence, does not in itself show an attempt to evade service or mislead.

In regards to the level of diligence exercised by Plaintiffs in attempting to complete service of process, they have not provided any evidence that service was even attempted until August 12, 2016, more than two weeks after the 90-day period had expired. Further, Plaintiffs offer no explanation as to why service was not attempted before August 12, 2016. Although Plaintiffs correctly show that Defendant failed to update the corporate filing with the Arkansas Secretary of State, Plaintiffs have not demonstrated that they relied on that incorrect information until *after* the expiration of the 90-day period. It is reasonable for Plaintiffs to rely on information filed with the Secretary of State, but in the present case Plaintiffs have not shown such detrimental reliance prior to August 12, 2016. Finally, Plaintiffs successfully served Defendant on August 30, 2016, thus showing that despite the incorrect information obtained from the Secretary of State, Plaintiffs were able to find Defendant's correct address fairly quickly and presumably could have done so prior to July 27, 2016.[2] All of these facts show that Plaintiffs have not acted diligently in attempting to serve Defendant. The final factor to consider in determining whether Plaintiffs have shown good cause for noncompliance with Rule 4(m) is whether the party is proceeding *pro se* or *in forma pauperis*, neither of which applies in the present case.

Upon weighing these factors, it appears that Plaintiffs have not shown good cause for failing to meet the service requirements of Fed. R. Civ. P. 4(m). Plaintiffs' actions show a lack of

---

[2] Plaintiffs included three "Dismissal and Notice of Rights" letters from the EEOC with the Complaint. Each of those letters included an address for Defendant, namely, "118 Brentwood Road, Hope, AR 71801." ECF No. 1. Although this address is incorrect in that it says "Road" where it should say "Drive," it shows that at the time the Complaint was filed, Plaintiffs had notice that Defendant's address with the Secretary of State may be incorrect.

good faith effort to serve Defendant Brentwood Industries, Inc. and they have provided no "reasonable basis for noncompliance with the rules."

Even though Plaintiffs have not shown good cause, the Court may use discretion to extend the time for service if Plaintiffs can establish excusable neglect. The first factor the Court may consider is the possibility of prejudice to Defendant if the time for service is extended. Defendant has not alleged that it will be prejudiced by the delay. The next factor the Court may consider is the length of the delay and the impact on the proceedings. In the present case Plaintiffs waited more than two weeks after the expiration of the 90-day period before even attempting to complete service. This two-week delay came after Plaintiffs were reminded on June 16, 2016, by the Clerk of Court that Proof of Service had not been filed with the Court. Defendant was not successfully served until August 30, 2016. Considering this one-month delay and the fact that it has stalled the litigation, the Court finds that this factor weighs against Plaintiffs. The Court may also consider the reason for the delay and whether it was within Plaintiffs' power to avoid the delay. As discussed above, Plaintiffs made no attempt to serve Defendant until after 90 days had passed, and then claimed they were unable to complete service because of a defective corporate filing with the Secretary of State. However, although it appears that Defendant failed to keep the Secretary of State updated regarding the proper address for service of process, Plaintiffs did not rely on that incorrect information until after the period for service had expired.

Finally, the Court may consider whether Plaintiffs acted in good faith. Again, Plaintiffs made no attempt to serve Defendant within the required 90 days. The Court finds that Plaintiffs failed to act in good faith. Taking all of these factors into account, the Court concludes that

Plaintiffs have not established excusable neglect. Therefore, this Court will not extend the time for service.

CONCLUSION

For the reasons explained above, Defendant Brentwood Industries, Inc.'s Motion to Dismiss Plaintiffs' Complaint is **GRANTED**. Plaintiffs' claims against Brentwood Industries, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge